IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MINDY HILL,

   Plaintiff,

v.

FEDERAL COMMUNICATIONS
COMMISSION (FCC),

   Defendant.

Civil Action No.: JRR-23-0424

**MEMORANDUM ORDER**

    Self-represented Plaintiff Mindy Hill filed a Complaint accompanied by the full filing fee. However, as discussed below, the Complaint must be dismissed for lack of subject-matter jurisdiction.

    Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-507 (2006) (holding that Rule 12(b)(1) authorizes subject matter jurisdiction to be raised by a party or by a court on its own initiative at any stage in the litigation). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on … the party asserting jurisdiction."

*Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Upon review of Ms. Hill's Complaint, it appears the crux of her allegations against the Federal Communications Commission (FCC) is that it failed to properly investigate and ultimately dismissed a complaint she submitted in 2016 concerning an issue with the closed captioning on a YouTube video in violation of 47 U.S.C. § 208. *See* ECF No. 1 at 3. Pursuant to § 208(b)(3), a final order from the FCC may be appealed under 47 U.S.C § 402(a), which sets out the procedure for judicial review of an FCC order in the manner prescribed by 28 U.S.C. § 2341, *et seq.*

The statutory framework dictates that the court of appeals "has exclusive jurisdiction to enjoin, set aside, suspend … or to determine the validity of (1) all final orders of the Federal Communications Commission…" 28 U.S.C. § 2342(1). Moreover, the appropriate venue is that court situated where "the petitioner resides or has its principal office, or in the United States Court of Appeals for the District of Columbia Circuit." 28 U.S.C. § 2343. Accordingly, the Court finds that it lacks jurisdiction over this case as exclusive jurisdiction lies with the court of appeals.

Ms. Hill lives in Maryland and therefore may file this action in the Court of Appeals for the Fourth Circuit or the Court of Appeal for the District of Columbia. As such, the Court will dismiss this case without prejudice so that Ms. Hill may refile her claim in an appropriate court.

Accordingly, it is this 14th day of March, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED without prejudice for lack of subject matter jurisdiction; and
2. The Clerk SHALL MAIL a copy of this Order to Ms. Hill and CLOSE this case.

                                                          _____/S/_____
                                                          Julie R. Rubin
                                                          United States District Judge